**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IVY QIU, | : | Civil Action No. |
| 15 Manor Avenue | : | |
| Harrison, NJ 07029 | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| METHOD RESIDENTIAL PB, INC., | : | |
| 1532 N Front Street, Suite 300 | : | |
| Philadelphia, PA 19102 | : | |
|     Defendant. | : | |

### CIVIL ACTION

Plaintiff, Ivy Qiu (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Method Residential PB, Inc., (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, the Americans with Disabilities Act of 1990 ("ADA), as amended, and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

### **THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Method Residential PB, Inc. is a developer and operator of

hospitality projects with a location and corporate headquarters at 1532 N Front Street, Suite 300, Philadelphia, PA 19102.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## **JURISDICTION AND VENUE**

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure

because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendants is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under Title VII, the ADA and the PHRA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging race, national origin and disability discrimination and retaliation against Defendant.

14. The Charge was assigned a Charge Number 530-2022-06633 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated September 7, 2022. Plaintiff received the notice by electronic mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff is a Asian and her national origin in China.

21. On September 15, 2021, Defendant hired Plaintiff in the position of Regional Revenue Manager.

22. Plaintiff was well qualified for her position and performed well.

23. When Defendant hired Plaintiff, there was a discussion about whether her position could work on a hybrid schedule with some days in office and some days of remote work.

24. During Plaintiff's interview, Plaintiff was informed that Defendant wanted someone in Philadelphia for now, but that this was subject to change later on.

25. In or around April 2022, Plaintiff informed Jack McCabe, VP of Strategy and Plaintiff's direct supervisor, that she was considering moving and was interested in working a hybrid schedule.

26. Mr. McCabe was very upset about it and told Plaintiff that she would not be permitted to work from home.

27. However, Plaintiff's Caucasian and non-Chinese coworkers were permitted to work a hybrid work schedule without issue. In addition, Plaintiff was the only Chinese employee in her department.

28. Shortly after Plaintiff requested the hybrid work schedule, Plaintiff received a negative performance review and she was placed on a Performance Improvement Plan ("PIP") in April 2022.

29. Plaintiff had not been informed of any issues with her work or work performance prior to her requesting a hybrid schedule.

30. Plaintiff had not received any disciplines or warnings prior to requesting a hybrid work schedule.

31. Plaintiff complained to Human Resources regarding the PIP, but Human Resources did not respond to her.

32. Plaintiff then complained to Randall Cook, CEO, regarding the PIP.

33. Mr. Cook's only response was that Mr. McCabe was changing the way he does things.

34. This did not make sense to Plaintiff since she worked with Mr. McCabe on a daily basis and had not heard anything about this.

35. On or around July 24, 2022, Plaintiff tested positive for COVID-19 on a rapid test.

36. Plaintiff informed Mr. McCabe that she tested positive for COVID-19.

37. Although Plaintiff worked for a short amount of time in the morning of July 25, 2022, she started getting a fever and was not feeling well.

38. Plaintiff informed Mr. McCabe about this and that she needed to leave.

39. The next day, on July 26, 2022, Daniel Cruz, Executive Vice President of Operations, texted Plaintiff and asked if she had forgotten to submit a report.

40. Plaintiff informed Mr. Cruz that she had a high fever and tested positive for COVID-19 a few days' prior.

41. On August 2, 2022, Mr. McCabe emailed Plaintiff stating that he hoped that she was feeling better.

42. He then informed Plaintiff that he submitted her PTO time and that anymore time off would be unpaid.

43. Mr. McCabe also instructed Plaintiff to submit a doctor's note because she was out for more than two (2) days.

44. Plaintiff did not understand why her remaining time off would be unpaid as she had PTO time remaining.

45. Mr. McCabe indicated this was company policy, but did this did not match up as this was not the policy the last time that she had COVID-19 and was out for more than two (2) days.

46. Upon information and belief, Plaintiff's non-Asian/non-Chinese coworkers were not required to do the same when they were out of work longer than her due to COVID-19.

47. On August 3, 2022, Plaintiff was feeling a lot better and notified Mr. McCabe that she was better and would be able to return to work on August 4, 2022.

48. On August 4, 2022, Plaintiff returned to work at Defendant.

49. On August 5, 2022, Plaintiff attended a Zoom call with Mr. McCabe.

50. Mr. McCabe proceeded to terminate Plaintiff for allegedly reviewing a meeting that she held that did not go well.

51. This was not true, as the meeting went well and none of these alleged issues had been previously mentioned to her.

52. It is Plaintiff's position that she was discriminated against due to her race, national origin and disability and retaliated against for requesting a reasonable accommodation in violation of Title VII, the ADA and the PHRA.

### COUNT I – RACE DISCRIMINATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

53. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

54. Plaintiff is a member of protected classes in that she is Asian.

55. Plaintiff was qualified to perform the job for which she was hired.

56. Plaintiff suffered adverse job actions, including, but not limited to termination.

57. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

58. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

59. Defendants discriminated against Plaintiff on the basis of race.

60. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

61. The reasons cited by Defendants for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – RACE DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

62. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

63. The foregoing conduct by Defendants constitutes unlawful discrimination against Plaintiff on the basis of her race (Asian).

64. As a result of Defendants' unlawful race discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – NATIONAL ORIGIN DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

65. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

66. Plaintiff is a member of protected classes in that her national origin is China.

7

67. Plaintiff was qualified to perform the job for which she was hired.

68. Plaintiff suffered adverse job actions, including, but not limited to termination.

69. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

70. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

71. Defendants discriminated against Plaintiff on the basis of national origin.

72. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

73. The reasons cited by Defendants for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT IV – NATIONAL ORIGIN DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

74. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

75. The foregoing conduct by Defendants constitutes unlawful discrimination against Plaintiff on the basis of her national origin (China).

76. As a result of Defendants' unlawful race discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT V – DISABILITY DISCRIMINATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

77. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

78. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

79. Plaintiff was qualified to perform the job.

80. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

81. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

82. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

83. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

84. The purported reason for Defendant's decision is pretextual.

85. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

86. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

87. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VI – DISABILITY DISCRIMINATION
## <u>PENNSYLVANIA HUMAN RELATIONS ACT</u>

88. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

89. Plaintiff is a "qualified individual with a disability" as that term is defined under the PHRA because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

90. Plaintiff was qualified to perform the job.

91. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

92. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

93. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

94. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

95. The purported reason for Defendant's decision is pretextual.

96. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

97. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

98. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VII – RETALIATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

99. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

100. Plaintiff engaged in protected activity protected by ADA when she requested a reasonable accommodation in the form of a medical leave of absence.

101. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

102. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VIII – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

103. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

104. Plaintiff engaged in activity protected by the PHRA when she requested a reasonable accommodation in the form of a medical leave of absence.

105. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

106. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Ivy Qiu, requests that the Court grant her the following relief against Defendants:

(a)  Compensatory damages;

(b)  Punitive damages;

(c)  Liquidated damages;

(d)  Emotional pain and suffering;

(e)  Reasonable attorneys' fees;

(f)  Recoverable costs;

(g)  Pre and post judgment interest;

(h)  An allowance to compensate for negative tax consequences;

(i)  A permanent injunction enjoining Defendants, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the Title VII, the ADA and the PHRA.

(j)  Order Defendants to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)  Order Defendants to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)  Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

**JURY TRIAL DEMAND**

Demand is hereby made for a trial by jury as to all issues.

## **CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

                        **RESPECTFULLY SUBMITTED,**

                        **KOLLER LAW, LLC**

Date: December 6, 2022      **By:**    */s/ David M. Koller*
                                                  David M. Koller, Esquire
                                                  Jordan D. Santo, Esquire
                                                  2043 Locust Street, Suite 1B
                                                  Philadelphia, PA 19103
                                                  215-545-8917
                                                  davidk@kollerlawfirm.com
                                                  jordans@kollerlawfirm.com

                                                  *Counsel for Plaintiff*